Filed 11/6/20  P. v. Kass CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STANISLAV KASS,<br><br>    Defendant and Appellant. | A159399<br><br>(San Mateo County Super. Ct.<br> No. 19-NM-009259A) |

Appellant Stanislav Kass appeals from a judgment following his plea of no contest to one count of driving under the influence.  (Veh. Code, § 23152, subd. (b).)[1]  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised Appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the record, find no arguable issues, and affirm the judgment.

---

[1] All undesignated section references are to the Vehicle Code.

1

## BACKGROUND

On August 21, 2019, the San Mateo District Attorney filed an Information charging Appellant with two felony counts of driving under the influence (§ 23152, subds. (a), (b), counts 1 & 2), each with allegations that Appellant had suffered three or more prior driving under the influence convictions within the last 10 years (§ 23550); one misdemeanor count of indecent exposure (Pen. Code, § 314, subd. (1), count 3), and three misdemeanor counts of driving with a suspended license (§§ 14601.2, subd. (a), 14601.5, subd. (a), 14601.1, subd. (a), counts 4, 5, & 6). As to count 2, an enhancement was alleged that he drove with a blood alcohol concentration greater than 0.15 percent. (§ 23578.)

Appellant agreed to plead no contest to count 2 and admit the section 23550 allegation;[2] in exchange, the remaining counts as well as four unrelated misdemeanor charges would be dismissed. In the change of plea form signed by Appellant, he acknowledged that his attorney had explained the maximum penalty that could be imposed as a result of his change of plea was 3 years imprisonment (as well as additional fines and fees).

At the change of plea hearing, the court confirmed that Appellant had read the change of plea form before signing it and that he understood the rights he was giving up by changing his plea. He replied, "Yes, your Honor." The court then detailed the maximum possible sentence Appellant could receive and again asked if Appellant understood. He answered, "Yes, I do." Defense counsel stipulated to a factual basis for the charges "based on [his]

---

[2] While there was some discussion at sentencing to determine if Appellant's oldest conviction occurred in the relevant time period, the Court below noted, "it's really just academic because he has four priors. And even if you get rid of the first one, it's still a felony."

independent investigation." Appellant pled no contest to count 2 and admitted the section 23550 allegation, the change of plea was accepted by the Court, and the remaining charges were dismissed.

In a report filed prior to sentencing, the probation department recommended denying probation given Appellant's extensive history of criminal convictions, substance abuse, and failure to seek or complete treatment. Specifically, the report noted, "[Appellant] has been on probation, on parole, or in custody continuously for the past 24 years," and "he has a history of expressing [a desire for treatment] when he is pending sentencing[, h]owever, after he is released from custody he fails to complete, or at times even enter, treatment."

At Appellant's December 2019 sentencing hearing, the Court recounted several of the points made in the probation report in its decision to deny probation. The court emphasized the high number of times Appellant had been convicted of driving under the influence and described it as "an extreme public safety issue." Probation was denied, and Appellant was sentenced to the upper term of three years.

Appellant filed a timely notice of appeal.

DISCUSSION

Because appellant pled no contest to the offense and did not file a motion to suppress below, the scope of the reviewable issues is restricted to matters based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings resulting in the plea, and post-plea sentencing issues. (*People v. DeVaughan* (1977) 18 Cal.3d 889, 895–896; *People v. Shelton* (2006) 37 Cal.4th 759, 766.)

Appellant was adequately represented by legal counsel throughout the proceedings. Appellant completed plea forms that described the

3

constitutional rights he was waiving by entering the no contest plea, the trial court confirmed appellant understood those rights, and the court found defendant freely and intelligently waived those rights. Defense counsel stipulated to the factual basis for the plea. The sentence was consistent with the plea agreement. The sentencing credits were proper.

## DISPOSITION

The judgment is affirmed.

                                    _____
                                    SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BURNS, J.

(A159399)